(No. 75-CC-1344)

HELEN PREIKSCHAT, DONNA J. PIKEY, JAMIE PIKEY, a minor, by her mother and next friend, Donna J. Pikey, and TIMOTHY PREIKSCHAT, a minor, by his father and next friend, Orton Preikschat, Claimants, *v.* THE STATE OF ILLINOIS and THE ILLINOIS DEPARTMENT OF TRANSPORTATION, HIGHWAYS DIVISION, Respondents.

*Opinion filed January 2, 1985.*

HELEN PREIKSCHAT and DONNA J. PIKEY, *pro se*, for Claimants.

NEIL F. HARTIGAN, Attorney General (TERENCE E. KIWALA, Assistant Attorney General, of counsel), for Respondents.

POCH, J.

This is a claim for personal injuries sustained by Claimants as a result of an automobile accident which occurred on August 19, 1973, at I-70 at mile post 15.46, 3/4 mile east of Illinois Route 159, Collinsville, Madison County, Illinois.

Claimants allege in their complaint that at the time of the accident Respondent was engaged in construction work in the area of the accident.

Claimant, Donna J. Pikey, was operating an automobile in an easterly direction upon I-70. Her passengers were Claimants, Helen Preikschat, Jamie Pikey, a minor, and Timothy Preikschat, a minor. At that time Herbert Buehneman was driving along the same highway in a westerly direction and Tina L. McGhee was driving in an easterly direction along the same highway.

Claimants allege that the highway, at that time and place, was under construction and that Respondent negligently maintained the highway by leaving the surface "slick and slippery with loose material, loose gravel, oil and tar and covered with holes and soft shoulders," and further, that Respondent failed to give any notice to motorists of the dangerous condition of the highway and failed to post signs reducing the speed of vehicles. As a result, Herbert Buehneman and Tina L. McGhee were caused to lose control of their vehicles and strike the automobile occupied by Claimants.

Claimants' case consisted of the testimony of Claimants Preikschat and Pikey.

Mrs. Preikschat had no direct testimony as to the allegations of negligence of the Respondent.

Mrs. Pikey testified that when she was in her car she observed gravel upon the highway as well as an "oily substance." She also testified that she observed a sign reducing the speed limit on the highway, a detour sign and barricades on the highway indicating that she was entering a detour or construction zone. She testified that her automobile was struck by both the Buehneman vehicle and the McGhee vehicle. There was no testimony on the part of any Claimant as to holes or soft shoulders on the highway and no evidence was

produced by Claimants showing or tending to show that the gravel or oily substance upon the highway proximately caused the accident.

Claimants produced no medical evidence or medical bills whatsoever, although Claimants testified about their own injuries.

Respondent produced witnesses by way of evidence depositions and former testimony as follows:

Richard Baker, an independent eyewitness who was travelling upon the highway in question, noticed no abnormal conditions on the surface of the road. He testified that the road surface was dry and that the accident was caused by Buehneman crossing over the center line at a fast rate of speed. He further testified that barrels and signs reducing speed were present.

Walter Robinson, an independent witness, also testified that the highway surface at the scene of the accident was normal and that the Buehneman car went over the center line striking Claimants' automobile at about 60 miles per hour.

Howard Tritt, safety coordinator for Hoeffken Brothers, the highway contractor on the job, testified that all of the signs, barricades and lights required by State law were erected and in place.

Hoyt Simmons, the resident highway engineer employed by the State of Illinois Highway Department, testified that he and his assistants inspected the pertinent portion of the highway daily and never observed any contractual deviations by the contractor and never observed that the highway was dangerous to the public.

The Court has consistently held that the State is chargeable with a duty to maintain its roads in a

reasonably safe condition for the purpose for which they are intended. It follows, therefore, and we have so held, that in order for Claimants to prevail in a case of this nature, they must prove by a preponderance of the evidence that the Respondent breached its duty and that said breach proximately caused the injuries complained of. We find that Claimants have failed to so prove both the breach of duty and causation.

Based on the foregoing, it is hereby ordered that this claim be and hereby is denied.